IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| KIMBERLY COESENS, | § |
| Plaintiff, | § |
| v. | § Case No. 6:19-cv-359-JDK-KNM |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, | § |
| Defendant. | § |

### ORDER ADOPTING REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.  On March 1, 2021, the Magistrate Judge issued a Report and Recommendation (Docket No. 17), recommending that the Commissioner's final decision be affirmed and that this social security action be dismissed with prejudice.  Plaintiff filed written objections on March 15, 2021 (Docket No. 18).

In her objections, Plaintiff re-urges two of the three arguments that were raised in her brief.[1]  First, Plaintiff asserts that the ALJ erred by failing to weigh or explain the weight given to the opinion testimony of her therapist, Stacy Pulley, LPC.  Ms. Pulley provided testimony at Plaintiff's hearing and the administrative record additionally includes written opinions from Ms. Pulley.  Plaintiff complains that the ALJ assigned a weight to the written opinions, but he did not expressly assign a weight to Ms. Pulley's hearing testimony.  Plaintiff submits that the Magistrate Judge erroneously states in the Report that "the ALJ considered Ms. Pulley's opinions and explained the

---

[1] Plaintiff's objections do not address the Magistrate Judge's finding that the doctrine of res judicata did not bar the ALJ from reconsidering her residual functional capacity on administrative remand.

1

weight that was given to them,"[2] even though the ALJ did not assign a weight to her hearing testimony. Plaintiff argues that the Magistrate Judge incorrectly concluded that the ALJ explained the weight given to Ms. Pulley's testimony. Plaintiff's argument mischaracterizes the Report's findings and ignores the sentences that follow the quoted statement:

> [The ALJ] also expressly considered [Ms. Pulley's] hearing testimony. There is no requirement for the ALJ to assign a weight to her hearing testimony. Nevertheless, her hearing testimony was consistent with the written opinions that she provided four days before the hearing that were assigned a weight by the ALJ.

*See* Report and Recommendation of the United States Magistrate Judge, Docket No. 17, at *26. The Report does not erroneously conclude that the ALJ assigned a weight to Ms. Pulley's hearing testimony. Instead, the Report states that the ALJ was not required to separately assign a weight to the testimony. As a therapist, Ms. Pulley is not an acceptable medical source, and the regulations do not require a weight to be assigned to her opinions. 20 C.F.R. § 404.1527. Instead, her opinions are considered as an "other source" pursuant to 20 C.F.R. § 404.1527(f) and SSR06-03p. The summary of the hearing testimony in the ALJ's written decision shows consideration of Ms. Pulley's testimony, in addition to her written opinions. In compliance with SSR 06-03p, the ALJ's written decision discusses the evidence and explains his decision in a way that "allows a claimant or subsequent reviewer to follow [his] reasoning." Plaintiff has not shown an error by the ALJ.

Next, Plaintiff asserts that the ALJ failed to properly analyze the factors set forth in 20 C.F.R. § 404.1527(c) when evaluating the opinion of her treating physician, Dr. Basch. Plaintiff submits that there is no competing medical opinion from a treating or examining physician, such that the ALJ was required to analyze the factors set forth in 20 C.F.R. § 404.1527(c). A treating physician's opinion is not conclusive and may be given less weight for good cause. *See Loza v.*

---

[2] Plaintiff's Objections to Report and Recommendation of the United States Magistrate Judge, Docket No. 18, at *1 (quoting Report and Recommendation of the United States Magistrate Judge, Docket No. 17, at *26).

*Apfel*, 219 F.3d 378, 395 (5th Cir. 2000).  Here, Dr. Basch completed a checklist form on February 17, 2016, opining that Plaintiff can sit, stand and walk for less than 2 hours per workday, cannot return to work at this time, and can occasionally lift 5 pounds.  In his reasoning for assigning only partial weight to the opinion, the ALJ explained that Dr. Basch did not provide an analysis of Plaintiff's functional limitations or refer to any treatment notes or objective clinical findings to support the limitations.  The ALJ determined that the limitations assigned by Dr. Basch in the form were not supported by the record as a whole, which includes treatment notes from Dr. Basch, both before and after he completed the form, documenting pain relief following injections, normal strength, normal coordination and gait, a lack of neurological findings warranting surgery, normal range of motion and normal reflexes.

A detailed inquiry of each § 404.1527 factor is unnecessary "where there is reliable medical evidence from a treating or examining physician that controverts the claimant's physician." *Rollins v. Astrue*, 464 Fed. Appx. 353, 358 (5th Cir. 2012). The ALJ's decision points to medical evidence, including objective diagnostic findings and Dr. Basch's own treatment notes, that do not support his opinion concerning Plaintiff's functional limitations.  Even so, the ALJ's decision reveals that he considered the factors and "saw all the evidence he was required to consider under § 404.1527[c]."  *Id*.  Even if he had been required to make a detailed inquiry into each factor, any error in failing to explicitly walk through each factor was harmless.  *Id*.

## Conclusion

The Court reviews objected-to portions of the Report and Recommendation de novo.  FED. R. CIV. P. 72; 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding and recommendation to which objection is made.").  The Court conducting a de novo review examines the entire record and makes an independent assessment under the law.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430

(5th Cir. 1996) (en banc), superseded on other grounds by statute, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).  Having made a de novo review of the written objections filed by Plaintiff in response to the Report and Recommendation, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit.

Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report and Recommendation (Docket No. 17) is **ADOPTED**.  The Commissioner's final decision is **AFFIRMED** and this civil action is **DISMISSED WITH PREJUDICE**.  All pending motions are **DENIED** as **MOOT**.

So **ORDERED** and **SIGNED** this **23rd** day of **March, 2021.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE